

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,410-01

### EX PARTE COLTON WEIR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F136672006 IN THE 420TH DISTRICT COURT
### FROM NACOGDOCHES COUNTY

*Per curiam*.

### OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to imprisonment for life without parole. The Twelfth Court of Appeals affirmed his conviction. *Weir v. State*, No. 12-06-00408-CR (Tex. App.—Tyler Jun. 11, 2008) (not designated for publication).

Applicant contends that his mandatory sentence of life without parole for a crime he committed when he was a juvenile violates the Eighth Amendment to the United States Constitution

under *Miller v. Alabama*.[1] He also alleges that *Miller* should be construed to apply retroactively and he should be subject to a punishment range of 5–40 years' imprisonment. While this application was pending in Nacogdoches County, this Court decided that *Miller* applies retroactively to a claim raised in a post-conviction proceeding and determined the appropriate available punishment at sentencing. *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. 2014).

The trial court has determined that Applicant's sentence violates *Miller*. Relief is granted. The sentence in Cause No. F136672006 in the 420th District Court of Nacogdoches County is vacated, and Applicant is remanded to the custody of the Sheriff of Nacogdoches County for further sentencing proceedings to permit the factfinder to assess Applicant's sentence at (1) life with the possibility of parole or (2) life without parole after consideration of Applicant's individual conduct, circumstances, and character. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 10, 2014
Do not publish

---

[1] 132 S. Ct. 2455 (2012).